UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LHF PRODUCTIONS, INC.,     Case No. 3:16-CV-00716-AC,

      Plaintiff,     OPINION AND ORDER

  v.

DOE-24.20.84.27,

      Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff LHF Productions, Inc. ("LHF") moves for an order finding Gary Thompson ("Thompson") in contempt for his failure to attend and participate in a deposition pursuant to a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") and Standing Order 2016-8. LHF also seeks sanctions against Thompson for his failure to attend the Rule 45 deposition.

The court finds Thompson substantially violated a clear and specific court order when he

1  OPINION AND ORDER         {NHM}

failed to attend and participate in a nonparty deposition, as required by the Rule 45 subpoena. Accordingly, the court finds Thompson in contempt. The court further finds LHF is entitled to an award of attorney fees and costs incurred in filing the motion for contempt and Thompson's resulting nonappearance at the deposition.

*Background*

LHF filed this lawsuit on April 27, 2016, against a Doe defendant known only through an Internet Protocol ("IP") address. LHF alleges an individual used the IP address to copy LHF's motion picture *London Has Fallen* and to distribute the motion pictures *Good Kill* and *Heist*. LHF alleges Doe defendant willfully and intentionally infringed on LHF's rights under 17 U.S.C. § 106 ("Copyright Act"). Because of the nature of Doe defendant's conduct and the need to deter future misconduct, LHF requests this court to enjoin and restrain Doe defendant from causing LHF great, irreparable, and ongoing injury.

Pursuant to Standing Order 2016-8, LHF subpoenaed Internet Service Provider ("ISP") Comast, which led to the identification of a singular subscriber, Thompson, assigned to IP address 24.20.84.27 used by Doe defendant. On June 13, 2016, LHF mailed Thompson an initial letter and copy of Standing Order 2016-7. (Crowell Decl. August 11, 2016 (ECF No. 8) ("Crowell Decl.") ¶ 6). LHF sent Thompson a second letter on June 20, 2016. *Id.* LHF received no response to either letter. (Crowell Decl. ¶ 9).

On July 9, 2016, Thompson was personally served with a Rule 45 subpoena, together with a letter explaining the deposition process, a witness-fee check, and another copy of Standing Order 2016-7. (Crowell Decl. ¶ 7). The subpoena ordered Thompson to appear for deposition on August 9, 2016. (Crowell Decl., Ex. 5). Thompson failed to appear at the scheduled deposition, has not

attempted to reschedule, and has not called or communicated with LHF in any way. (Crowell Decl. ¶ 9).

On August 11, 2016, LHF filed a Motion for Order to Show Cause for Contempt or Sanctions. (ECF No. 7). This court issued an order directing Thompson to appear on October 17, 2016, to show cause why he should not be held in contempt for failure to participate in a nonparty deposition. Thompson failed to appear, show cause, or communicate with LHF or the court in any way. This opinion addresses LHF's Rule 45 motion for contempt and sanctions.

*Legal Standard*

Under Rule 45, a subpoena may be issued requiring a nonparty to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A) (2016). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* § (d)(1). Once a nonparty has been properly served with a Rule 45 subpoena, the nonparty "may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." *In re Plise*, 506 B.R. 870, 878 (2014) (citation omitted). When a nonparty serves a written objection to the subpoena, the party seeking the deposition must obtain a court order directing the nonparty to comply with the subpoena. *Id.* (citations omitted). Even if a nonparty does not serve a written objection or move to quash, "the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." *United States Sec. Exch. Comm'n. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (citation omitted).

Pursuant to Rule 45, "[t]he court for the district where compliance is required . . . may hold

in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g) (2016). A court ruling on a contempt motion filed because of a nonparty's noncompliance with a discovery subpoena should pay "special attention to the procedural and substantive rights of the nonparty witness." *Hyatt*, 621 F.3d at 694.

To initiate contempt proceedings, a court must issue both an order to show cause why a contemnor should not be held in contempt and a notice of a date for the hearing. *Alcade v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (citation omitted). A motion for order to show cause for contempt or sanctions "satisfies the due-process notice requirement by giving the nonmoving party notice of his opportunity to respond before the substantive request for relief is entertained." *Hyatt*, 621 F.3d at 695 (citation omitted). Moreover, "[a] civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due." *Martinez v. City of Pittsburg*, 2012 WL 699462 at *3 (N.D. Cal. 2012) (citations omitted). Civil contempt proceedings are "a trial within the meaning of Fed. R. Civ. P. 43(a)." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 n.4 (9th Cir. 1983). Oral testimony is required and issues may not be tried on the basis of affidavits. *Id.*

The moving party must establish the contemnor violated a specific and definite court order by clear and convincing evidence. *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The contemnor must then demonstrate why he was unable to comply with the order. *Id.* A court may consider a nonparty's "history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." *Martinez v. City of Avondale*, 2013 WL 5705291, at *4 (D. Ariz. 2013) (citation omitted). However, courts should not

hold a person in contempt if his "action 'appears to be based on a good faith and reasonable interpretation of (the court's order)'[.]" *Vertex Distrib., Inc., v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (quoting *Rinehart v. Brewer*, 483 F. Supp. 165, 171 (S.D. Iowa 1980)).

A nonparty's noncompliance with a subpoena may warrant contempt sanctions. *See Pennwalt Corp.*, 708 F.2d at 494 n.5. Contempt sanctions may include deposition attendance fees. *See PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Moreover, a court's inherent power to impose sanctions includes the imposition of attorney fees against a nonparty. *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994).

## *Discussion*

LHF has established the existence of a court order and Thompson's violation of such order by clear and convincing evidence. The Rule 45 subpoena, issued pursuant to Standing Order 2016-8, constitutes a court order for which Thompson's failure to comply could result in a finding of civil contempt. *See* FED. R. CIV. P. 45; *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (citation omitted). LHF personally served Thompson with a Rule 45 subpoena which required Thompson's appearance at a deposition on August 9, 2016. Thompson failed to appear at the deposition, thus violating a court order. Subsequently, LHF filed a Motion for Order to Show Cause.

Thompson failed to appear at the show cause hearing and the record shows Thompson has repeatedly failed to appear, in violation of the subpoena and this court's Order to Show Cause. Further, Thompson has made no attempt to provide an explanation for his nonappearances and noncompliance with the court orders. As such, the court finds Thompson in contempt.

/ / / / /

*Conclusion*

The court finds Thompson in contempt for failing to comply with the Rule 45 subpoena. Therefore, LHF is entitled to recover costs associated with the failed deposition, as well as the Motion for Order to Show Cause. The court orders LHF to provide an itemization of costs and attorney fees related to the issuance and service of the Rule 45 subpoena, as well as the costs related to preparation of the show cause motion at an appropriate time, as discussed on the record.

DATED this 21st day of October, 2016.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge
